UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) ) | |
| Plaintiff, | ) ) | **OPINION AND ORDER** |
| vs. | ) ) | Civil Action No.: 6:12-CV-00044-MGL |
| Matthew Medgyesy and Kimberly Medgyesy, | ) ) ) ) | |
| Defendants. | ) | |

Defendants Matthew and Kimberly Medgyesy's ("Defendants") move pursuant to Rule 52(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") for an order amending this court's order dated and entered January 8, 2014, granting Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff") summary judgment and denying Defendants' motion for summary judgment. (ECF No. 44.) Plaintiff timely responded to Defendants' motion on February 20, 2014. (ECF No. 45.) For the reasons set forth below, the court denies Defendants' motion.

Rule 52(b) provides, "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed.R.Civ.P. 52(b). "The findings referred to in Rule 52(b), however, are only those judicial findings made '[i]n an action tried on the facts without a jury or with an advisory jury.'" *Hurst v. State Farm Mut. Auto. Ins. Co.*, No. 7:05CV00776, 2008 WL 4974786, at *2 (W.D.Va. Nov. 21, 2008) (alteration in original) (*quoting* Fed.R.Civ.P. 52(a)(1)). "Rule 52(b) is a trial rule that is not applicable in a

summary judgment proceeding" or on a motion to dismiss in a habeas proceeding. *Orem v. Rephann*, 523 F.3d 442, 451 n. 2 (4th Cir.2008) (Shedd, J., concurring). Nevertheless, "a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend." *Id.* (*citing St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (internal quotation marks omitted).  The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir.1995).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

Here, in their Rule 59(e) motion, Defendants do not rely on an intervening change in controlling law, refer to new evidence previously unavailable, or assert that the court committed a manifest injustice and/or clear error of law.  Instead, as Plaintiff points out, Defendants restate arguments previously made and addressed by the court in its January 8, 2014 order. Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir.2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir.1993) (stating that "mere disagreement does not support a Rule 59(e) motion").

Upon review, the court is not convinced that it should reconsider or amend its January 8, 2014 order based on Defendants' arguments that have already been considered and rejected. Because Defendants have failed to satisfy any one of the three recognized grounds for relief under Rule 59(e), Defendants' motion is DENIED. (ECF No. 44.)

IT IS SO ORDERED.

/s/Mary G. Lewis  
United States District Judge

Spartanburg, South Carolina  
May 12, 2014